UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DENNIS FLORER,

                Plaintiff,

v.

KENNEY, L.L. FIGUEROA, R. TREVINO, K. RENNINGER, D. GRIFFITH, D. DELP, K. MOORE, J. EDWARDS, K. KING, P. RIMA, S. HAMMOND, KELLOGG, HALLSTEAD, F.J. SMITH, I. HERTZ, K. DOTSON, M. HOUSEMAN, E. SUITER, J. RYAN, T. CRISTMAN, J. BUCHAN, G. FLETCHER, J. LOPIN, G. SILVER, J. SHUEY, M. ERDENER, P. SAARI, and C. JOHNSON,

                Defendants.

No. C11-5047 RJB/KLS

**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL**

Before the Court is Plaintiff's Motion to Compel Discovery Request No. 1 to J. Kenney. ECF No. 51. Having reviewed the motion, Defendants' opposition (ECF No. 58), Plaintiff's Reply (ECF No. 61), and balance of the record, the Court finds that the motion should be denied.

**DISCUSSION**

In this case, Plaintiff complains that Defendants have been deliberately indifferent to his medical needs by failing to provide proper medical treatment for chronic pains in his shoulder, neck and head. ECF No. 5.

On March 2, 2011, Defendants received from Plaintiff a discovery request entitled "Discovery Request No. 1 To Defendant J. Kenney." ECF No. 58-1, Exh. 1, p. 2 (Declaration

ORDER - 1

of Candie M. Dibble). On March 28, 2011, Defendant Kenney served Plaintiff with his responses and objections to this request. *Id.*; Exh. 1, Attach. A (Discovery Request No. 1 To Defendant J. Kenney And Defendant Kenney's Answers And Objections Thereto). At issue in this motion are Plaintiff's requests for his "…entire prison medical records from 2007 thru current, including but not limited to, Sections III Outpatient Care and VIII Consultations and Primary Encounter Reports and X-ray films of shoulder and neck as well as x-ray reports." ECF No. 51, p. 3. Plaintiff also requested a copy of the Offender Health Plan effective "from 2007 – current." *Id.*, p. 4. In response, Defendants stated that DEFS 1 – DEFS 197 and DEFS 198 – DEFS 441 are available for inspection or could be provided to Plaintiff at a cost of 10 cents per page in addition to postage costs. *Id.*

On April 6, 2011, Defendants' counsel received a letter from Mr. Florer requesting a discovery conference. ECF No. 58-1, p. 12, Attach. B. The conference took place on April 11, 2011. ECF No. 58-1, Exh. 1, p. 3 (Decl. of Dibble). According to Ms. Dibble, she and Plaintiff discussed that Plaintiff had been provided copies of his medical file in other litigation, Plaintiff was reminded that pursuant to policy, he had direct access to his medical file, and Plaintiff was encouraged to submit a kite, so that the facility could set up a time with him to review his medical file. *Id.*. Plaintiff informed counsel that he wanted paper copies of the documents and that he expected the Defendants to fund the costs associated with that production. *Id.*. On April 25, 2011, Defendants received Plaintiff's motion to compel. (ECF No. 51).

According to the Declaration of Leah R. Harmon, a medical records technician at the Monroe Correctional Complex (MCC), Plaintiff has the ability and opportunity to examine and copy his personal health care records. ECF No. 58-1, p. 14 (Exh. 2) (Declaration of Leah R. Harmon). DOC Policy 640.020, Offender Health Records Management specifically indicates

ORDER - 2

that offenders have access to both view and request copies of their DOC health records. *Id.*, Attach. A, pp. 17-25. The procedure for an offender to request access to their records includes writing a kite to the Medical Records office indicating he would like to review his records. An appointment is then scheduled for the offender to review his medical record. In the event an offender would like to receive a copy of his medical records, he would write a request to the DOC Public Disclosure Unit. Once the DOC business office receives the offender's payment for his records, the copies are provided to the offender. *Id.*, p. 15. DOC Policy 640.020 also provides that a response will be made within 15 working days upon receipt of an offender's written request and that the offender is to pay all copy expenses in advance. ECF No. 58-1, p. 23 (DOC 640.020 I.D(2) and (4)).

In response, Plaintiff complains that Defendants have not identified what medical records he received in other litigation, that sending a kite to review his files results in only 20 minutes of time to review his medical file and that he must then submit another kite for another appointment in 90 days, he cannot make copies of his file to submit as exhibits, and that the offender version of the OHP is shorter than the 243 page version used by Defendants, and he cannot make copies to use as an exhibit. ECF No. 61, p. 4. Finally, Plaintiff argues that DOC Policy 640.020 is irrelevant because he has not sued Defendants over that policy yet, and Defendants have cited no authority for their payment demands.

Despite Plaintiff's assertion that DOC policy is not at issue here, the policy reflects that Plaintiff has access to both view and copy his medical records. The Court is not aware of any cost shifting authority that requires an opposing party to engage in discovery efforts for another. Pursuant to 28 U.S.C. § 1915, the Court may authorize the *commencement* of a civil action without prepayment of fees and costs and shall issue and serve process of that civil action. The

ORDER - 3

section does not authorize the expenditure of public funds for the payment of discovery costs. Despite Plaintiff's *in forma pauperis* status, he is still obligated to bear the costs of litigation his lawsuit, including his discovery efforts.

Pursuant to Fed. R. Civ. P. 34(a), parties are required to produce and permit the requesting party (or its designee) to inspect and/or copy the responsive documents to the requesting party's discovery request. DOC policy specifically allows Plaintiff to inspect and copy his medical records. Defendants have also offered to provide copies to Plaintiff at a nominal cost.

Accordingly, it is **ORDERED:**

(1) Plaintiff's motion to compel (ECF No. 51) is **DENIED.**

(2) The Clerk shall send copies of this Order to Plaintiff and counsel for Defendants.

**DATED** this __16th__ day of June, 2011.

                                                                Karen L. Strombom
                                                                United States Magistrate Judge

ORDER - 4