UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DENNIS FLORER,<br><br>              Plaintiff,<br><br>   v.<br><br>KENNEY, L.L. FIGUEROA, R. TREVINO, K. RENNINGER, D. GRIFFITH, D. DELP, K. MOORE, J. EDWARDS, K. KING, P. RIMA, S. HAMMOND, KELLOGG, HALLSTEAD, F.J. SMITH, I. HERTZ, K. DOTSON, M. HOUSEMAN, E. SUITER, J. RYAN, T. CRISTMAN, J. BUCHAN, G. FLETCHER, J. LOPIN, G. SILVER, J. SHUEY, M. ERDENER, P. SAARI, and C. JOHNSON,<br><br>              Defendants. | No. C11-5047 RJB/KLS<br><br>**ORDER REGARDING PLAINTIFF'S MOTIONS TO COMPEL (ECF NOS. 80, 81, 82, 83, and 84)** |

Before the Court are Plaintiff's motions to compel discovery. ECF Nos. 80, 81, 82, 83, and 84. Having reviewed the motion, Defendants' opposition (ECF No. 88), and balance of the record, the Court finds and **ORDERS**:

## BACKGROUND

**A.**   **Summary of Claims**

Plaintiff claims that since June 2009, he has suffered from chronic severe pain on the right side of his shoulder, neck and head. ECF No. 5, p. 6. In July 2009, and in response to the Plaintiff's complaints, Defendant Figueroa, a physician's assistant at the Stafford Creek Correction Center (SCCC), ordered an x-ray of Plaintiff's right shoulder and concluded that no further evaluation was necessary. *Id.* Approximately one year later, Plaintiff was seen by Dr.

ORDER - 1

Edwards at the Washington State Penitentiary (WSP).  Dr. Edwards concluded that Plaintiff has osteoarthritis in his right "AC joint shoulder" which is independent of Plaintiff's complaints.  Dr. Edwards recommended an orthopedic consult and MRI.  *Id.,* pp. 7-8.  That recommendation was denied by "a majority" of the Care Review Committee.  *Id.*, p. 8.

On October 19, 2010 Plaintiff was seen by Dr. Johnson at the Clallam Bay Corrections Center (CBCC). The x-ray taken at that time revealed "spurring" on Plaintiff's left C5-6 vertebrae.  Dr. Johnson also denied Plaintiff's request for a Health Status Report indicating that he should be handcuffed with a waist chain.  *Id.*, pp. 9-10.  An x-ray report dated November 9, 2010 states that Plaintiff's vertebrae are well aligned and show no evidence of any fracture or any destructive bone disease.  *Id.*, p. 10.  In addition, the report states "[f]or evaluation of the cord and nerve roots an MRI would be helpful."  *Id.*  On November 18, 2010, Dr. Johnson stated that Plaintiff does not need an MRI or orthopedic consult. *Id.*, p. 11.

**B.     Care Review Committee and Plaintiff's Medical Care**

Plaintiff's request for an orthopedic consultation and an MRI of his right shoulder were reviewed by the nineteen member DOC Care Review Committee (CRC) on June 9, 2010. ECF No. 59-1, Exh. 1 (Declaration of G. Steven Hammond). Dr. Hammond is the Chief Medical Officer for the Washington State Department of Corrections (DOC). *Id.*, p. 3.  According to Dr. Hammond, the DOC Medical Care Review Committee (CRC) is a group of DOC primary care physicians, physician assistants (PAs), and advanced registered nurse practitioners (ARNPs) constituted according to the DOC Offender Health Care Plan (OHP) to review the medical necessity of proposed health care within a cluster of DOC facilities.  All final CRC decisions are made based on a simple majority vote of the medical professions and the individual votes of the members are not recorded.  *Id.*

ORDER - 2

Dr. Hammond reviewed Plaintiff's medical records and was one of the nineteen members of the review panel that reviewed Plaintiff's request for an orthopedic consultation and MRI of his right shoulder. *Id.*, p. 4. Based on its review of the Plaintiff's medical records, the CRC panel noted that Plaintiff had reported constant, severe and aggravated pain by range of motion. Plaintiff declined physical therapy indicating that movement increased pain. However, he did not report any specific injury which would have led to this pain. *Id.* Plaintiff also reported headaches, pain shooting into his arm and head, as well as numbness of the arm. *Id.*, p. 5. The report of x-rays of the right shoulder performed on the Plaintiff described mild, degenerative joint disease of the AC joint which was thought not to show sufficient pathology to explain the severity of Plaintiff's complaints. The CRC noted that the physical exam was not consistent with the degree of pain reported by the Plaintiff. The CRC panel denied the Plaintiff's request for an orthopedic consultation and MRI after determining that the proposed medical intervention was not medically necessary as defined in the DOC OHP. *Id.*, Attach B (June 9, 2010 CRC Report for Dennis Florer).

According to Dr. Hammond's review of Plaintiff's most recent medical records, Plaintiff was involved in a Use of Force incident due to "threatening behavior" on March 7, 2011. On the same day, the Plaintiff was seen for a medical examination where no major injury was noted, although he did report pain in his left shoulder and minor bruising was observed and documented by the examining medical provider. The Plaintiff was seen again on March 23, 2011 for evaluation of persistent left shoulder pain, at which time a more detailed exam was performed. The examination indicated intact shoulder function with good motion, including motion to a position behind the back. On March 25, 2011, an x-ray of Plaintiff's left shoulder showed only some mild arthritic changes in the left shoulder. The Plaintiff was seen again on April 12, 2011

ORDER - 3

for complaints of stomach discomfort, thought possibly to be related to the ibuprofen being used to treat his shoulder pain.  At that time, Plaintiff was given temporary authorization for a snack to be taken with his bedtime medication doses.  *Id.*

## DISCUSSION

**A.    ECF No. 80 – Motion to Compel Defendant S. Hammond**

In this motion, Plaintiff seeks the name of the "physician responsible for final clinical judgments at SCCC in 2009, WSP in 2009-2010, and CBCC in 2010." ECF No. 80 at 2 (Interrogatory No. 1).   He also seeks the production of all "case review committee decisions from 2007-current." ECF No. 80 at 3 (Request for Production No. 1).

**Interrogatory No. 1:  Name of Physician Making Clinical Judgments**

Defendant Hammond responded that clinical judgments are not made by a single physician but by a Care Review Committee.  *Id.* at 5.  In response to other interrogatories not at issue in this motion to compel, Defendant Hammond provided the names of the medical directors, superintendents, and health care manager at SCCC, WSP and CBCC.  *Id.* at 6.

Plaintiff complains that Defendant Hammond's response to Interrogatory No. 1 is "unresponsive" because, "[p]er DOC Policy 600.000 there is a physician responsible for clinical judgments at each facility notwithstanding the Care Review Committee or any decision by them." ECF No. 80 at 2.  Plaintiff argues that his interrogatory is relevant to "Dfts decisions in this case as to Pltf health care on the facts of this case while at SCCC, WSP, [and] CBCC." *Id.* at 2-3.

Defendants respond that, although DOC Policy 600.000 states there is a physician responsible for final clinical judgments at each DOC facility, the current practice is to not leave clinical determinations to one individual, but to bring questions regarding treatment before the

ORDER - 4

Care Review Committee (CRC), a group of medical providers including physicians, advanced registered nurse practitioners and certified physician assistants. ECF No. 88 at 2. Plaintiff has already named as defendants every individual who provided him treatment directly or indirectly, and every individual on the CRC. *Id.*

Defendants explained to Plaintiff that the practice is not to leave clinical determinations with one individual, but to bring questions regarding treatment before the CRC. Plaintiff's requests for an orthopedic consultation and an MRI of his right shoulder were reviewed and denied by the CRC. That denial is at issue in determining whether Defendants were deliberately indifferent to a serious medical need. The Plaintiff's motion to provide the name of the physician responsible for final clinical judgments is denied as the Defendants have already stated that there is no such individual.

**Request for Production No. 1:  Care Review Committee Decisions from 2007-Current**

Plaintiff also seeks the production of all case CRC decisions from 2007 to the present. ECF No. 80 at 3. He argues that "Hammond and his crews decisions in other cases are relevant to justify their decision in this case." *Id.* According to Defendants, the medical determinations made for Plaintiff were specific to Plaintiff. ECF Nos. 58 and 77. Plaintiff's medical records, including his complaints of pain and behavior, were reviewed and after discussion, the CRC majority agreed that an MRI and orthopedic consultation were not medically necessary for Plaintiff's treatment. *Id.*

How the CRC may have voted regarding the medical complaints and conditions of other prisoners is neither relevant to nor likely to lead to the discovery of admissible evidence relating

ORDER - 5

to Plaintiff's claim that he suffered from a serious medical need and that the Defendants were deliberately indifferent to that need.  Plaintiff's motion to compel this request is denied.

**B.    ECF No. 81 – J. Kenney**

In this motion to compel, Plaintiff seeks the production of various documents responsive to his Requests for Production, Nos. 1-6:

**Request for Production No. 1:  Health Services Standard Operations Manual**

Plaintiff argues that the Health Services Standard Operations Manual is relevant to Defendants' "job duties, responsibilities, and health services of Pltf." ECF No. 81 at 2. Defendants responded that the documents "are available for inspection and review by Plaintiff's representative, by CD, or Defendant will provide copies of the records requested at a rate of 10 cents per page in addition to postage costs." ECF No. 81 at 8.

Pursuant to Fed. R. Civ. P. 34(a), parties are required to produce and permit the requesting party (or its designee) to inspect and/or copy the responsive documents to the requesting party's discovery request.  Defendants have made the documents available for inspection, on CD or at a nominal cost.   Plaintiff's motion to compel this request is denied.

**Request for Production No. 2:  DOC Policy 600.00**

In this request, Plaintiff seeks the production of DOC Policy 600.00 "effective from 2007-current." ECF No. 81 at 8.  Defendants responded that Plaintiff has access to DOC policies and that the time frame requested is irrelevant to the time frame in Plaintiff's complaint. *Id.*

In his motion to compel, Plaintiff narrows the time frame to "January 1, 2009 thru current" and argues that the medical policy is relevant to "Dfts job duties, responsibilities, and health care of Pltf." ECF No. 81 at 3.  Plaintiff also claims that he does not have a source to obtain a copy to submit as an exhibit for summary judgment. *Id.*   However, Plaintiff attached a

ORDER - 6

copy of DOC Policy 600.000 "Health Services Management," revised 10/11/10, to his responses to Defendants' motion for summary judgment (ECF No. 93-1 at 10-19 and ECF No. 97-1 at 80-89). Thus, it appears Plaintiff had access to the current version of the policy. If the 2009 version of the policy is not available to Plaintiff, Defendants shall make the policy available for inspection and copying or shall make such copies available to Plaintiff, at Plaintiff's cost.

### Request for Production No. 3:  Certified Quality Improvement Program Findings

Plaintiff requests the "Certified Quality Improvement Program findings for each defendant in this case from 2007-current." ECF No. 81 at 8. Defendants responded that the information sought is not relevant to the issues or time frame of the issues raised in Plaintiff's complaint. *Id.* In his motion to compel, Plaintiff asserts that this information is "relevant to the quality of Dfts performance of their prison job, which reflects on their health care of pltf." ECF No. 81.

The Plaintiff has failed to show what a Certified Quality Improvement Porgram is or how that is even relevant to the issue in this case. Plaintiff's motion to compel this request is denied.

### Request for Production No. 4:  Health Services Mission Statement

Plaintiff requests the Health Services Mission Statement "from 2007-current." ECF No. 81 at 8. Defendants responded that the information sought is not relevant to the issues or time frame of the issues raised in Plaintiff's complaint. *Id.* at 8-9. In his motion to compel, Plaintiff argues that this information is "relevant to the Dfts prison job of what they intend to do and what they actually do." ECF No. 81 at 4. However, even if Defendants ever conducted themselves in the past in a manner that differed from a published mission statement, it is not clear how this information bears on whether Plaintiff suffered from a serious medical need and whether Defendants were indifferent to that need. The motion to compel this request is denied.

ORDER - 7

**Request for Production No. 5:  Statewide Quality Management Program**

Plaintiff requests the "Statewide Quality Management Program and findings as to SCC, WSP, n [sic] CBCC from 2007-current." ECF No. 81 at 9.  Defendants responded that the information requested is not relevant to the issues or time frame of the issues raised in Plaintiff's complaint, and the request is compound. *Id.* at 9.  In his motion to compel, Plaintiff argues that the "documents are relevant to Management Quality at the facilities where Dfts are employed which reflects on health care of Pltf, while at these facilities." ECF No. 81 at 5.

It is not clear how "management quality" at the various facilities where Plaintiff was housed over the last four years is relevant to the issue in this case, that is, whether Plaintiff suffered from a serious medical needs and the named Defendants were indifferent to that need. The motion to compel this request is denied.

**Request for Production No. 6:  Quality Health Services Management Reports**

Plaintiff requests the Quality Health Services Management Reports for SCCC, WSP, n [sic] CBCC from 2007-current." ECF No. 81 at 9.  Defendants responded that the information requested is not relevant to the issues or time frame of the issues raised in Plaintiff's complaint, and the request is compound. *Id.*  As with previous requests, Plaintiff argues that these documents are "relevant to the mgt. quality of the Dfts; including the Dft Health Care Managers, at the facilities where Dfts are employed which reflects on health care of Pltf while at these facilities." ECF No. 81 at 5.

This request is similar to Plaintiff's request for documents relating to a statewide quality management program and is similarly not relevant to his claims.   The motion to compel this request is denied.

ORDER - 8

### C. ECF No. 82 – Request to All Defendants – Qualifications

In this motion, Plaintiff requests that each Defendant produce their "qualifications and credentials" and asked each Defendant "[i]s your field of expertise orthopedics?" ECF No. 82 at 5 and 7. Plaintiff argues that the qualifications and credentials of the Defendants are relevant to "what their qualified and credentialed to do in the field of health care of Pltf, such as orthopedics" and knowing whether Defendants' field of expertise is in orthopedics is relevant to their denial of Plaintiff's request for an orthopedic consult. *Id.* at 2-3.

Defendants argue that while the information requested may be relevant to medical malpractice or negligence, it is not relevant to a claim of deliberate indifference. ECF No. 88 at 4. However, Plaintiff is entitled to all information that is either relevant to or likely to lead to the discovery of admissible evidence. Here, the evidence may be relevant to whether Defendants were qualified to treat and make health care decisions relating to Plaintiff's health. Accordingly, it is ordered that Defendants shall provide Plaintiff with a written, detailed summary of each defendant's qualifications and credentials for the time period of 2009 and 2010.

### D. ECF No. 83 – Request to All Defendants - Licensing

Plaintiff requests that all Defendants state whether their health care licenses or credentials/qualifications were subject to suspension or revocation or disciplinary process for any other reason. Plaintiff asks the Defendants to respond to this query both "prior to [their] prison employment" and "since [their] prison employment," to describe the circumstances, and to produce all documents relating to their responses. ECF No. 83 at 7-9. Plaintiff argues that the information sought is relevant to "dfts quality and ability in their performance of health/care/lack of health care for Pltf." *Id.* at p 5.

ORDER - 9

Defendants argue that while the information requested may be relevant to medical malpractice or negligence, it is not relevant to a claim of deliberate indifference. ECF No. 88 at 4. However, Plaintiff is entitled to all information that is either relevant to or likely to lead to the discovery of admissible evidence. Here, the evidence may be relevant to whether Defendants were qualified to treat and make health care decisions relating to Plaintiff's health. Accordingly, it is ordered that Defendants shall provide responses to these requests but the time period is limited to 2007 and 2010.

**E.     ECF No. 84 – CRC Decision**

In this motion, Plaintiff asks that the Defendants, as CRC members, to state whether they voted for or against an orthopedic consult and/or an MRI, and that they produce all documents on which they relied to make their decision. ECF No. 84 at 10-11. Defendants responded that they did not recall how they voted. They also stated that "[a]fter review of the record and discussion, members of the CRC vote as to whether the offender's medical condition meets the definition of "medically necessary' under the DOC Offender Health Plan. The decision from a tally of the votes is recorded on the CRC report; however, individual votes are not recorded." *See, e.g.,* ECF No. 84 at 9-10. In response to the document requests, Defendants stated that any records they relied on in reaching their decision would be in Plaintiff's medical file. *Id.*

Plaintiff argues that the information requested is relevant because some of the CRC members voted that the orthopedic consult and MRI were medically necessary and that Defendant Edwards produced the information on which the CRC relied in reaching its conclusion. ECF No. 84, Attach. B. Plaintiff further argues that if the Defendants do not recall specifically how they voted in the case, they have "access to the documents produced by their counsel in this litigation, to answer the interrogatories." ECF No. 84 at 7.

ORDER - 10

Defendants replied that they do not recall how they voted.  Thus, they responded fully to Plaintiff's interrogatory as to whether they voted for or against his medical requests.  Defendants also stated that the information they relied on in making their decisions is contained in Plaintiff's medical records and Defendant Edwards produced the documents on which he relied.  Thus, Plaintiff has been provided with the documents requested.  There is no basis for requiring Defendants to make their determination again based on the documents produced in this litigation.  Thus, the motion to compel this information is denied.

Accordingly, it is **ORDERED:**

(1) Plaintiff's motions to compel (ECF Nos. 80 and 84) are **DENIED in their entirety.**

(2) Plaintiff's motions to compel (ECF Nos. 81, 82, and 83) are **GRANTED in part, as follows:**

    (a) Defendants shall make the 2009 version of Policy 600.00 available to Plaintiff for inspection and copying or produce copies at Plaintiff's cost.

    (b) Defendants shall provide Plaintiff with their qualifications and credentials for the time period of 2009 and 2010.

    (c) Defendants shall provide Plaintiff with information that is responsive to Interrogatories 1-4 (*See* ECF No. 83), for the limited period of 2007 through 2010.  With regard to the Request for Production, only documents regarding any final determination shall be produced, at Plaintiff's cost.

**Defendants shall produce the foregoing to Plaintiff within ten (10) days of this Order.**  Plaintiff's motions to compel (ECF Nos. 81, 82 and 83) are **DENIED in all other respects.**

(3) Defendants' motion for summary judgment (ECF No. 77) shall be **renoted for November 18, 2011.**  If, following production of the documents identified herein, Plaintiff wishes to supplement his response (ECF No. 97-1) to Defendants' motion for summary

ORDER - 11

judgment, he may do so **on or before November 14, 2011**. If he does so supplement, he is limited to six pages. If Plaintiff supplements his response, Defendants may supplement their reply **on or before November 18, 2011.** The Defendants' supplement is limited to six pages as well.

(4)     The Clerk shall send copies of this Order to Plaintiff and counsel for Defendants.

**DATED** this   21st   day of October, 2011.

Karen L. Strombom
United States Magistrate Judge

ORDER - 12