# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

DENNIS FLORER,

        Plaintiff,

v.

KENNEY, L.L. FIGUEROA, R. TREVINO, K. RENNINGER, D. GRIFFITH, D. DELP, K. MOORE, J. EDWARDS, K. KING, P. RIMA, S. HAMMOND, KELLOGG, HALLSTEAD, F.J. SMITH, I. HERTZ, K. DOTSON, M. HOUSEMAN, E. SUITER, J. RYAN, T. CRISTMAN, J. BUCHAN, G. FLETCHER, J. LOPIN, G. SILVER, J. SHUEY, M. ERDENER, P. SAARI, and C. JOHNSON,

        Defendants.

No. C11-5047 RJB/KLS

**ORDER DENYING MOTION FOR DISCOVERY SANCTIONS**

Before the Court is Plaintiff's motion for sanctions, which motion was incorporated into his response to Defendants' motion for summary judgment. ECF No. 102. Defendants filed a response. ECF No. 103. The Court finds that the motion should be denied.

**BACKGROUND**

On October 21, 2011, the Court ordered Defendants to provide Plaintiff with their qualifications and credentials for the time period of 2009 and 2010. ECF No. 100. Defendants produced the licensing and/or credentials (as established and maintained by the Washington State Department of Health) for each of the Defendant who is required to maintain credentials and/or licenses for his/her position. Defendants explain that some of them, who are not healthcare

ORDER - 1

providers, are not required to maintain credentials and/or licenses for their positions, such as administrative or clerical staff who do not provide medical treatment. ECF No. 103 at 1, n.2.

Plaintiff admits that he was provided with Defendants' educational backgrounds and a listing of their credentials and licenses for their medical professions. He argues, however, that the documents produced are not "written detailed summar[ies]" and that the Defendants are not "qualified/credentialed in the field of orthopedist". ECF No. 102 at 4.

## DISCUSSION

"Sanctions may be warranted under Federal Rule of Civil Procedure 37(b)(2) for failure to obey a discovery order as long as the established issue bears a reasonable relationship to the subject of discovery that was frustrated by sanctionable conduct." *Navellier v. Sletten*, 262 F.3d 923, 947 (9th Cir.2001), *cert. denied sub nom., McLachlan v. Simon*, 536 U.S. 941, 122 S.Ct. 2623, 153 L.Ed.2d 806 (2002); *Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 707, 102 S.Ct. 2099, 2107–08, 72 L.Ed.2d 492 (1982). Under Rule 37(b)(2), subsections (A) through (C), sanctions are "appropriate only in 'extreme circumstances' and where the violation is 'due to willfulness, bad faith, or fault of the party.'" *Fair Housing of Marin v. Combs*, 285 F.3d 899, 905 (9th Cir.), *cert. denied*, 537 U.S. 1018, 123 S.Ct. 536, 154 L.Ed.2d 425 (2002) (citations omitted); *Computer Task Group, Inc. v. Brotby*, 364 F.3d 1112, 1115 (9th Cir.2004) (per curiam). "Disobedient conduct not shown to be outside the litigant's control meets this standard." *Fair Housing of Marin*, 285 F.3d at 905; *Henry v. Gill Industries, Inc.*, 983 F.2d 943, 948 (9th Cir.1993).

Plaintiff argues the Court should order sanctions against Defendants for failing to provide Plaintiff with a written detailed summary of the Defendants' qualifications. Plaintiff admits, however, that he has been provided with a listing of Defendants' educational backgrounds and

ORDER - 2

their credentials for their medical professions.  Plaintiff fails to state how this information does not qualify as an adequate summary of the Defendants' qualifications and does not indicate what additional information is needed or would even be relevant to the request.  If Plaintiff wishes to argue that Defendants are not qualified because they are not trained in the field of orthopedics, he is certainly free to do so.

Defendants were ordered to provide their qualifications and credentials.  It appears that they have done so and there is no evidence of violation of willfulness, bad faith or fault.  Accordingly, Plaintiff's motion for sanctions (ECF No. 102) is **DENIED.**

**DATED** this  11th  day of January, 2012.

Karen L. Strombom
United States Magistrate Judge

ORDER - 3